# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR06-0145 |
| vs. | ORDER |
| TRAMAIN M. WHITING, | |
| Defendant. | |

This matter comes before the court pursuant to the government's motion for detention made at the defendant's initial appearance before a judicial officer. The court held an evidentiary hearing on this motion on November 29, 2006, at which the defendant was present and represented by F. David Eastman. The government was represented by Assistant United States Attorney Chadwicke Groover. The government's motion for detention is granted.

The defendant is charged with a conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and 50 grams or more of powder cocaine. The case arises out of a search warrant executed at 1218-18th Street NW in Cedar Rapids on November 7, 2006. The police found 232 grams of freshly-cooked crack cocaine, 211 grams of powder cocaine that appeared to have come off a fresh brick together with other items typically associated with the trafficking of cocaine. The three defendants in this case are also charged with using and carrying firearms during and in relation to drug trafficking crimes and possessing firearms in furtherance of drug trafficking crimes. In addition to the .380 caliber and .45 caliber firearms seized from the codefendants, the police also found a TEC-DC9 semi-automatic machine pistol and an assault rifle at the residence.

The defendants were confronted by the police as they were leaving the residence to be searched. Tramain Whiting drove the vehicle to assist Darius Whiting in a drug deal.

1

Tramain Whiting drove a vehicle with license plates registered to another vehicle. When police attempted to stop the vehicle, the defendant eluded the police.

Chicago criminal histories are difficult to decipher on short notice. The defendant was arrested here in Linn County on January 9, 2006, for interference with official acts because he gave false information to the police officer concerning his identify. He then failed to appear for a hearing on that case on January 26, 2006. He was charged in state court with eluding police officers on November 7, 2006, when the police attempted to stop his vehicle. The defendant has no significant ties to the Cedar Rapids community. He is unemployed but claims to earn money doing auto mechanic work for friends.

## CONCLUSIONS OF LAW

Pursuant to Title 18, United States Code § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention. Detention can be based on a showing either of dangerousness or risk of flight, both are not required. United States v. Fortna, 769 F.2d 243 (5th Cir. 1985). The standard is "reasonable assurance"; the court cannot order the detention because there are no conditions which would guarantee appearance and safety. United States v. Orta, 760 F.2d 887 (8th Cir. 1985). The grounds relied upon by a judicial officer to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence. However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence. United States v. Orta, supra.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning -- (1) the nature and circumstances of the offense charged, including whether the offense is

2

a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e). This rebuttable presumption arises only if the defendant is charged in at least one count subject to these penalties. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).

The rebuttable presumption of § 3142(e) creates a burden of production upon the defendant, not a burden of persuasion. The purpose of the rebuttable presumption is to shift the burden to the defendant to establish a basis for concluding that there are conditions of release sufficient to reasonably assure that the defendant will not engage in dangerous criminal activity pending trial. United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985). Although most rebuttable presumptions found in the law disappear when any evidence is presented by the opponent of the presumption, the rebuttable presumption of § 3142(e) is not such a "bursting bubble." United States v. Jessup, supra, at 383. Thus, in order to rebut the presumption, the defendant must produce some evidence; and the Magistrate Judge should still keep in mind the fact that Congress has found that certain

drug offenders, as a general rule, pose special risks of flight. United States v. Jessup, supra, at 384. Although this court is unable to find any case from the Eighth Circuit Court of Appeals similarly construing the rebuttable presumption of § 3142(e), other circuits have adopted the rationale of Jessup. United States v. Martir, 782 F.2d 1141, 1144 (2d Cir. 1986); United States v. Diaz, 777 F.2d 1236, 1237 (7th Cir. 1985); United States v. Fortna, 769 F.2d 243, 251 (5th Cir. 1985); United States v. Hurtado, 779 F.2d 1467, 1470 (11th Cir. 1985); United States v. Alatisha, 768 F.2d 364, 371 (D.C. Cir. 1985).

In this case, the evidence of the defendant's guilt appears to be significant. He admits to have been at the residence that was searched for a couple of days prior to the search, saw others cooking crack cocaine, and assisted in a drug deal by driving Darius Whiting to the location of the deal. When the police attempted to stop him, he eluded the police. Earlier this year he had given false information to the police about his identity and failed to appear for court.

The court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above. Pursuant to the evidence and the rebuttable presumption of § 3142(e), the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community upon the defendant's release. The court finds by a preponderance of the evidence that the release of the defendant would pose a serious risk of flight. The defendant was advised in open court of his right to a prompt resolution of any appeal of this order.

Upon the foregoing,

IT IS ORDERED

1.   That the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

December 4, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT